**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L. Batiste, Sr.,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Veterans Initiative and ADP Total Source,<br><br>Defendants. | No. CV 11-01495-PHX-NVW<br><br>**ORDER** |

Before the Court is U.S. Veterans Initiative's Motion to Dismiss or, in the Alternative, to Compel Arbitration (Doc. 12). Plaintiff's response to the motion was due January 30, 2012; however, to date no response has been filed. Failure to respond alone is grounds for the Court to grant Defendant's motion to dismiss. *See* L.R. Civ. 7.2(i). The Court finds Plaintiff's failure to respond to Defendant's motion constitutes acquiescence to the motion being granted. Nevertheless, the Court agrees with Defendant's substantive analysis and will therefore grant Defendants' motion to dismiss on the merits (Doc. 12).

Plaintiff's Complaint lists three counts for relief: disparate treatment pursuant to Title VII; retaliation; and race discrimination pursuant to 42 U.S.C. § 1981 (Doc. 5). All of Plaintiff's claims relate to and arise from his employment with Defendant U.S. Veterans Initiative. As part of his employment agreement, Plaintiff agreed to adhere to

the terms of employment outlined in Defendant's Employee Handbook, which states in relevant part:

> [A]rbitration shall be the exclusive method for resolving any employment related dispute, and both the Company and the employee are giving up any right that they might otherwise have to have a judge or jury decide any such employment related dispute.

(Doc. 12-1 at 24.) In a December 31, 2009 letter to Defendant, Plaintiff makes clear that he had read and studied the Employee Handbook (*Id.* at 3).

The Federal Arbitration Act ("FAA") governs matters involving interstate commerce, such as the employment agreement here. *See* 9 U.S.C. §§ 1, 2. The FAA liberally favors arbitration and "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2011) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). This Court's role is therefore "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Here, the Employee Handbook sets forth a valid agreement to arbitrate. "While the FAA 'requires a writing, it does not require that the writing be signed by the parties.'" *Nghiem v. NEC Electronic, Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) (quoting *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987)). Although it is not clear whether Plaintiff signed any agreement containing this provision, it is clear that he read the Employee Handbook containing the mandatory arbitration provision (Doc. 12-1 at 3). It can thus be fairly inferred that Plaintiff understood that by accepting employment with Defendant, the Employee Handbook governed the terms of his employment. *See id.* (finding valid arbitration agreement existed, absent any provision in signed contract, where provision was contained in employee handbook and evidence showed employee was aware of the provision). Because the arbitration provision provides for mandatory arbitration of "any employment related dispute," (Doc. 12-1 at 24), Plaintiff's claims for

disparate treatment, retaliation, and racial discrimination in his employment are clearly covered. The Court will accordingly grant Defendant's motion to compel arbitration (Doc. 12).

IT IS THEREFORE ORDERED that U.S. Veterans Initiative's Motion to Dismiss or, in the Alternative, to Compel Arbitration (Doc. 12) is denied as to the motion to dismiss and granted as to the motion to compel arbitration.

IT IS FURTHER ORDERED that this action is stayed pursuant to 9 U.S.C. § 3 pending the outcome of arbitration.

IT IS FURTHER ORDERED that the parties submit joint or separate status reports on the arbitration by June 29, 2012.

Dated this 1st day of February, 2012.

_____
Neil V. Wake
United States District Judge